## Martz v. Baker.

*Boroughs — Ordinance — Disorderly conduct—Reckless driving—Acts of May 16, 1921, June 14, 1923, and April 27, 1925.*

An ordinance of a borough passed under the authority of the Act of May 16, 1921, P. L. 581, declaring reckless driving of a vehicle as disorderly conduct, and providing a penalty therefor, is superseded by the Motor-Vehicle Acts of June 14, 1923, P. L. 718, and April 27, 1925, P. L. 254.

*Certiorari.* C. P. Fulton Co., Jan. T., 1927, No. 32.

*S. W. Kirk* and *John P. Sipes*, for plaintiff; *John R. Jackson*, for defendant.

McPHERSON, P. J., June 14, 1927.—The Borough of McConnellsburg, by ordinance approved June 26, 1925, defined disorderly conduct and provided penalties for the violation of the terms of the ordinance, in accordance with

Martz v. Baker.

the power granted the borough by the Act of Assembly approved May 16, 1921, P. L. 581. In said ordinance it was provided, *inter alia*, that disorderly conduct was "the reckless or careless driving, or any other use of vehicles by the owners or occupants thereof as shall endanger the safety or comfort of persons using or residing on the thoroughfares of the borough;" and it provided as a penalty for the violation thereof a fine of from $5 to $25 for each offence, and in default of the payment of the fine, imprisonment in the borough lock-up not to exceed 120 hours. Under this ordinance, on a proceeding of summary conviction, the burgess of McConnellsburg, after hearing, convicted the defendant of reckless and careless driving of a motor-vehicle in violation of the ordinance, and imposed a penalty upon him of $10 and costs of prosecution. The defendant, under protest, paid the fine and costs, and on the same day, namely, Nov. 12, 1926, had issued out of the Court of Common Pleas of Fulton County a *certiorari* directed to said burgess.

In support of the *certiorari*, it is urged that the ordinance is void and unenforceable, in so far as it affects reckless or careless driving of motor-vehicles, because sections 28 and 29 of the Motor Vehicle Act of Pennsylvania, approved June 30, 1919, P. L. 678, and the amendments thereof, viz., section 28, as amended by the Act of June 14, 1923, P. L. 718, and section 29, as amended by the Act approved April 27, 1925, P. L. 254, at page 281 [supersede the ordinance].

Section 19 of said act, as amended by the Act of June 14, 1923, provides that no person shall operate a motor-vehicle on the public highways of the State recklessly . . . or so as to endanger property or the life or limb of any person, and for a violation thereof the person so guilty shall be subject to a fine or penalty of not less than $10 nor more than $25, to be collected by summary conviction; or in case of non-payment of such fine to undergo an imprisonment in the county jail for a period not exceeding five days; for a second or subsequent convictions these penalties are increased.

Section 28, as amended by the Act of April 27, 1925, provides as follows: "It is the purpose of this act to provide a system or code of law regulating the use and operation of motor-vehicles throughout this Commonwealth; no city, borough, incorporated town, township or county shall hereafter adopt, maintain or enforce any rule, regulation or ordinance inconsistent with the provisions of this act regulating the speed, equipment, use or operation of motor-vehicles other than" certain ordinances and rules covering special situations which are not pertinent to the questions raised here.

Section 29 of this act, as amended by the Act of June 14, 1923, provides that all informations for offences defined in this act, committed by motor-vehicle owners or operators, shall be brought under this act and not under any local ordinance or regulation. Under section 35 of the Motor Vehicle Act, it provides that all fines and penalties collected under the provisions of this act for violation of the same, and all bail forfeited, shall be paid to the State Treasury, to be be placed in a deposit fund to be available for the use of said Highway Department, excepting those collected for violations of the provisions as to speeding or weight, which fines and penalties shall be paid to the treasurer of the city, borough, town, township or county wherein the violation occurred, to be used by the same for the construction, repair and maintenance of highways.

The offence prescribed in the ordinance in question is not inconsistent with the provisions of the Motor Vehicle Act, in so far as it applies to the operation of motor-vehicles, yet it is in the penalty prescribed, both as to original and second convictions, and in the beneficiary of the fines and penalties

Martz v. Baker.

imposed under the Motor Vehicle Act [that an inconsistency or repugnance appears]. Under the latter, the penalties are for the benefit of the Commonwealth, and under the ordinance, the borough.

Section 29, if effective, forbids the bringing of any information for offences defined in the Motor Vehicle Act and committed by operators of motor-vehicles or the owners thereof under any local ordinance.

In view of the fact that the amendments of the Motor Vehicle Act are subsequent in time of enactment to the Act of 1921, which gave the borough the right to define disorderly conduct, and provided penalties for the violation of any ordinance in exercising this power, and of the further fact that a municipality is a creature of the legislature, and that between the two the latter is the superior and the municipality the inferior, and of the inconsistencies of this ordinance with the provisions of the Motor Vehicle Act, we hold that, so far as the act regulates the operation of motor-vehicles, the ordinance is superseded by the Motor Vehicle Act and is not enforceable as affecting the same. In view of this conclusion, the *certiorari* is sustained and the conviction is reversed.